EDMUND D. NORRIS, RESPONDENT, v. THE CITY OF BROOKLYN, APPELLANT.

*Charter of Brooklyn — power of heads of departments to regulate salaries of clerks — sections 8 and 28 of title 19 of chap. 863 of 1873 — chap. 459 of 1877.*

Under sections 8 and 28 of title 19 of chap. 863 of 1873, the charter of the city of Brooklyn, the heads of departments were authorized to employ the necessary clerks and fix their salaries. Chapter 459 of 1877 authorized the common council to fix and regulate the salaries of the various officers, clerks, and subordinates.

*Held*, that the last act imposed no duty upon the common council, but merely authorized it to fix and regulate salaries, and that until they acted thereunder the heads of departments could fix the compensation of their clerks.

*Quære*, as to the right of a clerk to recover upon a *quantum meruit*.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court, without a jury.

The action was brought to recover $150, that being the alleged salary of the plaintiff Norris, as redemption clerk in the department of arrears, for the month of December, 1878.

The plaintiff was appointed clerk in the said department by the then register, Daniel D. Whitney, August 1, 1875, at a salary fixed by that officer at $1,000 a year, or $83.33 a month. He served at that rate, and at higher rates fixed in the same way, until January 1, 1877, when the register fixed his compensation at $1,400 per year, or $116.66 per month. Under this salary the plaintiff served until August 1, 1877, when he was promoted by register Whitney to the position of redemption clerk, and his salary fixed by that officer at $1,600 per annum, or $133.33 per month. He was serving at this rate on the accession to the department of arrears of Rufus L. Scott, in November, 1877, who subsequently, December 1, 1877, raised his salary to $150 per month; then, in March, 1878, fixed it at $133.33, as before, at which figure it remained until after the first day of November, 1878, when it was raised by Rufus L. Scott to $150 per month.

The mayor refused to sign the warrant of plaintiff for December, 1878, on the ground that the sum for which it was drawn exceeded $133,33, the amount to which he claimed plaintiff was entitled.

*Wm. C. De Witt*, for the appellant.

*Barrett & Patterson*, for the respondent Norris.

BARNARD, P. J. :

By the terms of the charter of the city of Brooklyn, the heads of the departments had power to appoint necessary clerks. (Chapter 863, Laws of 1873, title 19, § 8.) By section 28 of the same title, such head of department could fix their compensation.

The Legislature, by chapter 459, Laws of 1877, authorized the common council to fix and regulate the salaries of the various officers, clerks and subordinates. The common council have never acted under this law.

The plaintiff was a clerk in the department of arrears, appointed by the register. In November, 1878, his compensation was $133.33 per month. During the month the head of the department informed him that he had fixed his compensation for December, 1878, at $150.

It is not disputed but that the appropriation by the common council, for the department of arrears, is sufficient to pay this increased compensation. The claim is made by the city that the common council alone can fix compensation of clerks. I think the claim is untenable. There is no express repeal of the section of the charter which permits heads of departments to fix rates of wages. There is no duty put by the Law of 1877 upon the com-common council. It is *authorized* to fix rates. These words do not necessarily require a repeal of that part of the charter alluded to. In a certain sense the common council have acted upon the subject. An appropriation has been made to cover all the expenses of this particular department of arrears. The expenses are within it. The plaintiff is either entitled to recover the amount fixed by the register of arrears, or he can recover upon a *quantum meruit*. The finding is that the services were worth $150, for the month of December, 1878.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred; PRATT, J., not sitting.

Judgment affirmed, with costs.